**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
KAREEM ABDUL BLOCKER,               :
                                    :   Civil Action No. 10-1216 (JBS)
           Plaintiff,               :
                                    :
      v.                            :          **O P I N I O N**
                                    :
J. BELLUSCI, et al.,                :
                                    :
           Defendants.              :
_____:

**APPEARANCES:**

Kareem Abdul Blocker, Pro Se
618476/162061C
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314

**SIMANDLE, District Judge:**

    Plaintiff, Kareem Abdul Blocker, currently confined at the Southern State Correctional Facility, Delmont, New Jersey, seeks to bring this action alleging violations of his constitutional rights in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of indigence and prison account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

    At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's claims will be dismissed, without prejudice.

## BACKGROUND

Plaintiff asserts that on January 12, 2010, he was in the day room when defendant Officer Bellusci told everyone that there was going to be a wing search, and made everyone relocate.  When Plaintiff was in the sergeant's office he was told to put his hands on the walls, and he was cuffed and taken to "compound unit 1 left lock up."

On January 13, 2010, Plaintiff was given three disciplinary charges by defendant Sergeant Waldin.  It appears that contraband was found in his two lockers.  Plaintiff pled not guilty to the charges and claimed he was "set up."  He was found guilty of the charges, with the finding being upheld on appeal.  Plaintiff received 545 days of administrative segregation, 485 days loss of commutation time, and 30 days detention time.  He asserts that his constitutional rights were violated because he "wasn't a problem on his unit, [his] conditions of [his] health w[ere] violated by these charges, which the chargers [knew] that [he] didn't have any of the items."

Plaintiff asks for monetary relief.

**DISCUSSION**

**A.     STANDARDS FOR A SUA SPONTE DISMISSAL**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

4

Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.    SECTION 1983 ACTIONS**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    PETITIONER'S CLAIMS**

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State

Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  <u>See</u> 411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  <u>See</u> 411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Id.</u> at 500.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in <u>Preiser</u>, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence

      that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

    In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court

emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, namely, in that case, the disciplinary finding and punishment.  See 520 U.S. at 646-8.

"Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'"  Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

Here, the challenged prison disciplinary proceedings resulted in the loss of good time credits.  Accordingly, any § 1983 action challenging the proceedings is unenforceable as a remedy until such time as the proceedings have been otherwise invalidated.  Therefore, the complaint must be dismissed without prejudice.

As to Plaintiff's claims concerning his time spent in administrative segregation and "disciplinary time," "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not

otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Hewitt v. Helms, 459 U.S. 460, 468 (1983); see also Sandin v. Conner, 515 U.S. 472, 484 (1995) (a protected liberty interest is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Having a security classification is not outside what a prisoner "may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (citations omitted); see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (prison officials have discretion over prisoner classifications and prisoners have no legitimate due process concerns in them). However, when an inmate demonstrates "atypical and significant hardship," notice of the charges against the inmate, and an opportunity to present his views to the official charged with deciding to transfer him to administrative custody, is required. See Shoats v. Horn, 213 F.3d 140, 145 (3d Cir. 2000).

In this case, Plaintiff asserts that he has received a hearing and an appeal; however, he claims that the decision against him was incorrect. Such a claim does not warrant relief under 42 U.S.C. § 1983, since the disciplinary proceeding satisfied the due process requirements for confinement of the

9

inmate in administrative custody. Id. Where the prison authorities provided notice, an opportunity to be heard and prompt consideration of the evidence, and rendered a disciplinary sanction which is not an atypical and significant hardship, the federal court does not have the authority to review the substantive correctness of the prison authorities' determination.

## CONCLUSION

For the reasons set forth above, the complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. It does not appear that Plaintiff could amend the complaint, at this time, to overcome the deficiencies noted herein. An appropriate order follows.

                                              **s/ Jerome B. Simandle**
                                              JEROME B. SIMANDLE
                                              United States District Judge

**Dated: November 29, 2010**